SWISHER V. SENSENDERFER, *Appellant.*

1. **Land : EQUITABLE TITLE.**  Where one located certain government land and received a certificate of entry and went into possession, he will be held to have the equitable title, although in his original application the land was misdescribed.  Affirming *Sensenderfer v] Kemp,* 83 Mo. 581.

2. **Equitable Title : NOTICE.**  Such equitable title will prevail over the legal title where the holder of the latter had knowledge of the existence of the former, or had such means of knowledge as to put him on inquiry.

*Appeal from Pettis Circuit Court.*—HON. JOHN P. STROTHER, Judge.

AFFIRMED.

*E. J. Smith* and *W. S. Shirk* for appellant.

*G. P. B. Jackson* and *John Montgomery* for respondent.

EWING, C.—Sensenderfer sued Swisher in the circuit court of Pettis county, in ejectment to recover the west half of the northeast quarter of section thirty-two, township forty-four, range twenty-three.  The case was removed to the United States circuit court.  The defendant in that case, Swisher, had only an equitable defence ; and according to the practice in the federal courts, could not set up such claim to the action of ejectment.  But in compliance with the practice there, he filed his bill in equity to assert his equitable title and asked a stay of proceedings in the ejectment suit until the equity case should be disposed of.

The averments of the bill, in substance, were, " that one Lampton had entered the land in 1856, and received a certificate from the land office, evidencing that fact; that, through the mistakes of the local officers, the

matter was improperly certified to the general land office; that Lampton immediately took possession of the land and fenced part of it; that he sold it to one Mansur, who took possession and enclosed the whole of it, and in 1865, sold it to respondent, who has ever since been in actual possession; that there had been a continued actual possession ever since Lampton's entry, and that taxes had been regularly paid all the time; that appellant, with full notice of these facts and of respondent's rights, and for the purpose of defrauding respondent, had procured a patent to said land." Then, by stipulation, the case was returned to Pettis county, when the defendant, Sensenderfer, answered and the case was tried, and judgment rendered for Swisher and the legal title decreed in him from which appellant appealed to this court.

The evidence in the case was voluminous, documentary, and parol, and we think very satisfactorily establishes the fact that Lampton entered the land in controversy in 1856, took possession, and that he and his grantees have been in continuous possession under claim of title ever since. The testimony of the witnesses, Means and Lampton, clearly shows that Lampton went to the land office at Warsaw, paid the gold to Marvin, the register, for a land warrant number 26,384, which was located on the west half of the northeast quarter of section thirty-two, township forty-four, range twenty-three; that Lampton's name was entered on the face of the plat book, and that a certificate of entry therefor was given to him; that he signed his name to a blank application which he left with Marvin, to be filled up. Lampton and Means swear to the certificate of entry, and in further evidence of the fact it is shown that afterwards the identical land was run out by the county surveyor, from the certificate itself. This, with other facts and circumstances in evidence, equally irresistible, goes to establish that fact beyond controversy. The evidence shows, we think, that the land officers at Warsaw filled up Lampton's application with section thirty-eight instead of thirty-two, and so

reported at the general land office at Washington, and the records at Warsaw having been burned, the mistake was naturally perpetuated from Washington, in the certificates of entries afterwards made out, based on the reports from Warsaw, and transmitted to Boonville. There is much other evidence tending to confirm this . theory, but which we deem it useless to detail.

The evidence further tends to prove, and the circuit court found, that at the time the alleged entry by Sensenderfer was made, there is no reasonable doubt but that he had knowledge of the adverse claim of Swisher, or had such means of knowledge as to put him upon inquiry. But in this case it is useless to multiply words. It is admitted by counsel that "in the main it is so much like that of *Sensenderfer v. Kemp*, 83 Mo. 581, that that case decides this." Upon the authority of that case and the authorities there cited, the judgment of the circuit court is affirmed. All concur.